UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 15-20005-Civ-COOKE/TORRES

CAREFREE LIFESTYLES, INC., a Florida
corporation, and as assignee of JONATHAN
SOLONE MYVETT,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a District of Columbia corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

    Plaintiff, Carefree Lifestyles, Inc. ("Carefree"), as assignee of Jonathan Solone Myvett ("Mr. Myvett" or "insured"), filed this action against Defendant, Government Employees Insurance Company's ("GEICO"), seeking damages for repair of its rental vehicle, diminution in value to its rental vehicle, and for loss of use of its rental vehicle while it was being repaired.  At the close of pleadings, GEICO filed a Motion for Judgment on the Pleadings (ECF No 23), to which Plaintiff filed its Response in Opposition to Defendant's Motion for Judgment on the Pleadings (ECF No. 26), and Defendant filed its Reply to Plaintiff's Response to GEICO's Motion for Judgment on the Pleadings (ECF No. 27).  As such, Defendant's Motion for Judgment on the Pleadings is fully briefed and ripe for adjudication.  After reviewing Defendant's Motion, the Response and Reply thereto, the record, and relevant legal authorities, Defendant's Motion for Judgment on the Pleadings is denied.

### I.    FACTUAL BACKGROUND[1]

    Plaintiff Carefree is in the business of renting luxury vehicles.  Compl. ¶ 5.  On June 27, 2014, Plaintiff rented a luxury vehicle to Mr. Myvett after first calling Mr. Myvett's

---

[1] The following facts, accepted as true, are taken from Plaintiff's Complaint and in the light most favorable to the Plaintiff, as must be done when considering a motion for judgment on the pleadings.  *Cannon v. City of West Palm Beach,* 250 F.3d 1299 (11th Cir. 2001).

insurer, GEICO, and confirming that Mr. Myvett had insurance coverage with GEICO and that his insurance policy covered rental vehicles. *Id.* at ¶¶ 12, 13. Mr. Myvett was involved in an accident while driving the rental vehicle on June 30, 2014. *Id.* at ¶¶ 6, 7. After the accident, Mr. Myvett filed a claim with GEICO, but GEICO denied his claim, refusing to pay for the cost to repair the rental vehicle, for Plaintiff's loss of use of the rental vehicle while it was being repaired, and for the rental vehicle's diminution in value as a result of the accident. *Id.* at ¶¶ 14, 15. Plaintiff subsequently filed a lawsuit against Mr. Myvett for breach of contract and negligence in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at ¶ 16. Defendant GEICO refused to defend Mr. Myvett, its insured, and as a result, on November 13, 2014, Mr. Myvett entered into a settlement agreement with Plaintiff, which stipulated that all claims against Mr. Myvett would be dismissed in exchange for a final consent judgment in the amount of $325,000.00 in favor of Plaintiff. *Id.* at ¶¶ 17, 20. Mr. Myvett also assigned to Plaintiff all interest, claims, and causes of action he had against GEICO arising out of or connected to the accident involving Plaintiff's rental vehicle. *Id.* at ¶ 21.

Subsequently, on December 3, 2014, Plaintiff filed the instant action against Defendant GEICO alleging breach of contract (Count I) and promissory estoppel (Count II).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *accord Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). A court must accept all facts alleged in the complaint as true and view such facts in the light most favorable to the nonmoving party. *Id*. A motion for judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts that would allow it to prevail. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005).

## III.   ANALYSIS

Defendant GEICO argues that this case must be dismissed because Mr. Myvett's

insurance policy specifically excludes coverage for the third-party liability claims Carefree brought against Mr. Myvett in the underlying action.  More specifically, GEICO argues that Plaintiff's allegations are brought pursuant to Section I of Mr. Myvett's insurance policy, which specifically applies to third-party liability claims (claims made by someone other than the insured) and precludes liability coverage for damage to "property rented" to Mr. Myvett.  GEICO also argues that this Court should dismiss Plaintiff's promissory estoppel claim because it is barred by the Statute of Frauds and fails to state a cause of action.

In response, Plaintiff Carefree contends that its Complaint sets forth both first-party and third-party claims against GEICO on behalf of GEICO's insured, Mr. Myvett.  More specifically, Plaintiff argues that its suit against GEICO for breach of contract is a first-party claim under Section III of Mr. Myvett's insurance policy because GEICO breached its contract with Mr. Myvett when it refused to settle his claims regarding the cost to repair the rental vehicle and its diminution in value.  Additionally, Plaintiff alleges that GEICO's refusal to settle Mr. Myvett's claim left him open to an excess judgment in the lawsuit brought by Plaintiff.  Plaintiff also argues that it has properly alleged a third-party insurance claim under Section I of Mr. Myvett's insurance policy because GEICO failed to defend or indemnify Mr. Myvett against losses to Plaintiff's business property as a result of Mr. Myvett's accident, which rendered the rental car inoperable and unable to be rented while it was being repaired.  Finally, Plaintiff argues that the Statute of Frauds is inapplicable here and that it has stated a claim under promissory estoppel.

Paragraph 68 of Plaintiff's Complaint alleges that following: "Myvett suffered damages due to Defendant, GEICO's breach of [its] contract with Myvett in refusing to defend and to cover Myvett against Plaintiff's lawsuit for Myvett's accident with the [r]ental [v]ehicle."  Nowhere in its Complaint does Plaintiff specify whether its claims are being brought pursuant to Section I or Section III of Mr. Myvett's insurance policy.  In fact, all that Plaintiff makes clear is that it is bringing suit on behalf of Mr. Myvett, as an assignee of all of Mr. Myvett's claims against his insurer, Defendant GEICO.  Therefore, in construing the allegations of the Complaint in the light most favorable to Plaintiff, it is clear that Plaintiff has successfully alleged a first-party claim on behalf of Mr. Myvett against GEICO for GEICO's failure to cover Mr. Myvett as contracted under the terms of their insurance policy.

It is undisputed that Mr. Myvett lodged a claim with GEICO for damage to the rental vehicle and that GEICO refused coverage. As a result, Mr. Myvett was forced to defend himself in a lawsuit brought by Plaintiff and to enter into a consent judgment in favor of Plaintiff. Once assigned Mr. Myvett's rights against GEICO stemming from the accident at issue in this case, Plaintiff brought suit against GEICO on behalf of Mr. Myvett. Plaintiff's arguments are further supported by GEICO's own admission that Section III does "afford[ ] coverage to the subject loss, which GEICO is tendering a check for what is owed under Section III." Def.'s Mot. J. Pleadings 4.

As stated above, a motion for judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts that would allow it to prevail. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005). However, it is clear here that Plaintiff has successfully proven a set of facts under which it can prevail. While I agree with Defendant's doubts as to whether Mr. Myvett's insurance contract covers Plaintiff's "loss of use" damages, Plaintiff has presented enough in its pleadings to overcome Defendant's Motion for Judgment on the Pleadings.

Additionally, Defendant's arguments regarding the Statute of Frauds as a bar to Plaintiff's promissory estoppel claim are unavailing, as are Defendant's arguments regarding Plaintiff's failure to state a claim for promissory estoppel. I have already addressed Defendant's arguments regarding Plaintiff's failure to state a claim for promissory estoppel in a previous Order and therefore, will refrain from doing so again here.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 13th day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*